NUMBER 13-02-00163-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






ROBERTO FLORES, Appellant,


v.



JESUS JORGE FLORES, Appellee.

 

 


On appeal from the 92nd District Court of Hidalgo County, Texas.

 


O P I N I O N



Before Justices Yañez, Castillo and Garza


Opinion by Justice Garza



 Appellant, Roberto Flores ("Roberto"), appeals from a summary judgment on a bill
of review granted in favor of appellee, Jesus Jorge Flores ("Jorge"), which set aside a prior
jury verdict in favor of Roberto. We reverse the trial court's judgment, render judgment
denying Jorge's petition for bill of review, and reinstate the prior judgment in favor of
Roberto.

A. Background


 Roberto, Jorge, and Francisco Medrano ("Medrano") entered into a partnership
agreement for the purpose of operating an ambulance service known as Med Trans
Ambulance ("Med Trans"). A dispute arose, and Roberto and Medrano sued Jorge for
breach of fiduciary duties, breach of contract, and fraud ("the underlying case"). Medrano
settled his claims prior to trial. 

 The underlying case proceeded to trial with Jorge represented by his counsel of
record at the time ("trial attorney"). The jury found in favor of Roberto and awarded
$5,376,934.65 in actual and exemplary damages, plus interest. Subsequent to trial, Jorge 
retained another attorney for the purpose of filing and arguing post-trial motions ("post-trial
attorney"). On August 4, 2000, Jorge's post-trial attorney attended a hearing on the
judgment in the underlying case in which the trial judge specifically told the parties that he
would sign a judgment within the next five days. (1) On August 9, 2000, Jorge filed his
objections to Roberto's proposed judgment and a motion for judgment n.o.v. or, in the
alternative, a new trial. (2) The judgment was signed on August 10, 2000. The docket sheet
shows that the district clerk mailed notice of the entry of judgment to Jorge's trial attorney
on August 11, 2000. Both of Jorge's counsel learned of the judgment on November 28,
2000. 

 Upon learning of the judgment, Jorge filed a motion in the trial court requesting
extension of the appellate deadlines, which was apparently denied. (3) Jorge next filed a
notice of appeal. This Court dismissed the appeal as untimely. Jorge subsequently filed
a petition for a bill of review in the trial court. Jorge alleged in his petition that he had been
prevented from asserting a meritorious ground of appeal due to the trial court clerk's failure
to notify him that a judgment in the underlying suit had been entered. Jorge further alleged
that there had been no negligence on his part. In his petition, Jorge argued that his
meritorious grounds of appeal were: (1) that there was no evidence or insufficient
evidence to support the answers to specific jury questions; and (2) Roberto failed to elect
remedies. 

 The trial court conducted a preliminary hearing on Plaintiff's Application for Bill of
Review to determine whether Jorge had presented a prima facie case of a meritorious
ground of appeal. After the hearing, the trial court entered an order finding "plaintiff has
established a meritorious ground of appeal which had it been presented to the Court of
Appeals might and probably would have caused the judgment in the underlying case to be
reversed." The trial court did not specify the meritorious ground of appeal Jorge
substantiated. 

 Jorge then filed a motion for summary judgment. The trial court granted the motion
without a hearing, and entered a final judgment granting the bill of review. In its summary
judgment order, the court specifically decided that: 

 (1) Jorge established as a matter of law the existence of an official mistake
which was the failure of the district clerk to send notice of the judgment to
Jorge or his counsel; and (2) Jorge established as a matter of law that
because of the official mistake he was precluded from asserting the following
meritorious grounds of appeal: (a) There was no evidence to support the
answers to jury questions 4, 5, 14, and 15; and (b) There was insufficient
evidence to support the answers to jury questions 4, 5, 14, and 15; and (3)
Jorge established as a matter of law that his inability to assert the meritorious
grounds of appeal was not the result of any negligence or conscious
indifference on his part. 


The court also set aside the judgment in the underlying case, declared it to be null and
void, and reformed it so that Roberto took nothing and Jorge was awarded his court costs. 
 Roberto filed a notice of appeal, his appellate brief, and appeared for oral argument.
Jorge did not file a brief or appear for oral argument. 

B. Standard of Review


 A party moving for summary judgment must show that there are no genuine issues 
of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When
reviewing a traditional summary judgment, we review the evidence in the light most
favorable to the respondent against whom the summary judgment was rendered,
disregarding all contrary evidence and inferences. Duge v. Union Pac. R.R. Co., 71
S.W.3d 358, 361 (Tex. App.-Corpus Christi 2001, pet. denied). We indulge every
reasonable inference in favor of the non-movant, take evidence favorable to the non-movant as true, and resolve all doubts in the non-movant's favor. Montemayor v. Chapa,
61 S.W.3d 758, 762 (Tex. App.-Corpus Christi 2001, no pet.). Evidence favoring the
movant's position may not be considered unless it is uncontradicted. Id.

 A bill of review is an independent equitable action to set aside a judgment that is no
longer appealable or subject to challenge. Wembley Inv. Co. v. Herrera, 11 S.W.3d 924,
926-27 (Tex. 1999). Rule 329b(f) of the Texas Rules of Civil Procedure provides: "On the
expiration of the time within which the trial court has plenary power, a judgment cannot be
set aside by the trial court except by bill of review for sufficient cause, filed within the time
allowed by law." Tex. R.Civ. P. 329b(f). The rules do not define "sufficient cause," but the
supreme court has enunciated in specific detail the necessary steps to be followed in a bill
of review proceeding. State v. 1985 Chevrolet Pickup Truck, 778 S.W.2d 463, 464 (Tex.
1989).

 Because it is fundamentally important that some finality be accorded to judgments,
a bill of review seeking relief from an otherwise final judgment is scrutinized by the courts
"with extreme jealousy, and the grounds on which interference will be allowed are narrow
and restricted." Palomin v. Zarsky Lumber Co., 26 S.W.3d 690, 693 (Tex. App.-Corpus
Christi 2000, pet. denied) (citing Montgomery v. Kennedy, 669 S.W.2d 309, 312 (Tex.
1984) (quoting Alexander v. Hagedorn, 148 Tex. 565, 569; 226 S.W.2d 996, 998 (1950))). 
Where there has been a trial on the merits, a losing defendant can only seek relief by bill
of review if the chance to file a motion for new trial or appeal has been lost. In such a
case, the bill of review petitioner must allege and prove: (1) a failure to file a motion for new
trial or a failure to advance an appeal, (2) caused by the fraud, accident or wrongful act of
the opposing party or by an official mistake, (3) unmixed with any fault or negligence of the
petitioner, and (4) a meritorious ground of appeal (prima facie proof only). See Petro-Chem. Transp. Inc. v. Carroll, 514 S.W.2d 240, 245-46 (Tex. 1974); McDaniel v. Hale, 893
S.W.2d 652 (Tex. App.-Amarillo 1994, writ denied). 

C. Analysis


 Roberto asserts six issues as grounds for appeal of the trial court's judgment. In his
fourth issue, Roberto urges that Jorge failed to prove "official mistake" as a matter of law. 
We agree with Roberto. 

Official Mistake


 In his Petition for Bill of Review, Jorge alleges that neither he nor his counsel had
actual or constructive knowledge that judgment had been entered until November 28,
2000. This lack of knowledge, he claims, was "caused by the failure of the clerk of the
court to send the notice required by Rule 306a Texas Rules of Civil Procedure." To satisfy
this element of his bill of review, Jorge alleged that the district clerk's failure constituted an
"official mistake."

 An official mistake occurs where a court official fails to perform required duties. See
Baker, 582 S.W.2d at 407. A bill of review may be predicated on a clerk's failure to send
the required notice of the signing of the judgment. Petro-Chem., 514 S.W.2d at 245. Here,
the record indicates that notice of the judgment was mailed to Jorge's trial attorney;
however, Jorge alleges that his attorney did not receive the notice. 

 In granting summary judgment, the trial court found that Jorge established official
mistake as a matter of law, "which was the failure of the district clerk to send notice of the
judgment to Jorge or his counsel." To support this claim, Jorge provided the court with his
affidavit and affidavits from his attorneys of record. Jorge testified that he was not aware
of the judgment until he was told about it by his post-trial attorney on November 29, 2000. 
Both attorneys aver that they did not receive the judgment or any notice that it had been
signed from the court, court staff, court clerk or any other source. 

 The post-trial attorney appeared as counsel on August 4, 2000. The record does not
indicate, nor is the claim made, that the post-trial attorney substituted for the trial attorney
and that notices should be mailed to him rather than the trial attorney. Instead, it appears
that the trial attorney, who had been of record with the court since December 21, 1998, (4) 
remained active as the attorney in charge. Thus, it was proper for the clerk to mail the
judgment to the trial attorney as she had throughout the pendency of the litigation. See
Tex. R. Civ. P. 8 (all communications from the court or other counsel with respect to a suit
shall be sent to the attorney in charge.). There was no error of law apparent on the face
of the record. See Conrad v. Orellana, 661 S.W.2d 309, 312 (Tex. App.-Corpus Christi
1983, no writ) (there was no error apparent on the face of the record where trial court
record showed appellant had been duly notified of the entry of judgment by and through
his attorney of record); Withrow v. Schou, 13 S.W.3d 37, 41 (Tex. App.-Houston [14th
Dist.] 1999, pet denied) (there is no error "apparent from the face of the record" when the
trial court or clerk fully complies with rule 245 by mailing notice to the attorney of record). 
We note that where the parties agree that a certain form of notice has not been received,
there is a presumption that the notice was not mailed, and where there is no evidence to
the contrary, the fact finder must find the absence of the mailing. Thomason v. Freberg,
588 S.W.2d 821, 824 (Tex. App.-Corpus Christi 1979, no writ). Here, however, there was
no such agreement and there is clearly evidence to the contrary, that is, there is evidence
that the clerk mailed the notice of the judgment. Roberto's fourth issue is sustained. 

 Having found the summary judgment was granted in error, we would ordinarily
reverse the trial court's judgment and remand for further proceedings. When appellate
review determines that a summary judgment was improperly granted, the appeal does not
afford a basis for rendering a judgment against the non-moving party. CRA, Inc. v. Bullock,
615 S.W.2d 175, 175 (Tex. 1981); see also Maxey v. Morrison, 843 S.W.2d 768, 770 (Tex.
App.-Corpus Christi 1992, writ denied). However, assuming arguendo that appellee had
proved there was an official mistake as a matter of law, the trial court should still have
denied his petition for bill of review on the basis of the clean hands doctrine.

Unclean Hands


 In his sixth issue, Roberto contends that Jorge's abuse of the discovery process
establishes that Jorge has unclean hands, and that he is ineligible for equitable relief via
bill of review. We agree.

 As discussed above, a bill of review is an equitable proceeding. Wembley, 11
S.W.3d 926-27. Equity is a court of conscience. First Heights Bank, FSB v. Gutierrez, 852
S.W.2d 596, 605 (Tex. App.-Corpus Christi 1993, writ denied.) It assumes jurisdiction
when the legal remedy is not as complete as, less effective than, or less satisfactory than
the equitable remedy. Id. Equity seeks to do justice, to strike a balance by reviewing the
entire situation. Equity acts in accordance with conscience and good faith and promotes
fair dealing. Id. 

 A party seeking an equitable remedy must come to court with clean hands. In re
Gamble, 71 S.W.3d 313, 325 (Tex. 2002) (Baker, J., concurring); Truly v. Austin, 744
S.W.2d 934, 938 (Tex. 1988); Omohundro v. Matthews, 161 Tex. 367, 381, 341 S.W.2d
401, 410 (Tex. 1960). Whether a party has come to court with clean hands is a matter for
the sound discretion of the court. Thomas v. McNair, 882 S.W.2d 870, 880 (Tex. App. -
Corpus Christi 1994, no writ). To justify the application of the principle, the party who
complains that an opponent is in court with unclean hands because of the latter's conduct
in the transaction out of which litigation arose, or with which it is connected, must show that
the complainant, and not some third person, has been injured by the conduct. Id. (citing 
Omohundro, 161 Tex. at 381, 341 S.W.2d at 410). The doctrine applies against a litigant
whose own conduct in connection with the same matter or transaction has been
unconscientious, unjust, marked by a want of good faith, or violates the principles of equity
and righteous dealing. Thomas, 882 S.W.2d at 880. The clean hands maxim should not
be applied unless the party asserting the maxim has been seriously harmed and the wrong
complained of cannot be corrected without applying the doctrine. See id. Equity will
consider the conduct of the adversary, the requirements of public policy, and the relation
of the misconduct to the subject matter of the suit and to [the party asserting clean hands]." 
See Pacific Mut. Life Ins. Co. v. Westglen Park Inc., 160 Tex. 1, 6, 325 S.W.2d 113, 117
(1959). 

 Public policy supports application of the clean hands doctrine in this case. Texas
supports full and open discovery. Tilton v. Moye, 869 S.W.2d 955, 956 (Tex. 1994). The
purpose of discovery is to seek the truth so that disputes may be decided by what the facts
reveal and not by what facts are concealed. Jampole v. Touchy, 673 S.W.2d 569, 573
(Tex. 1984) overruled in part on other grounds by Walker v. Packer, 827 S.W.2d 833, 842
(Tex. 1992); see also West v. Solito, 563 S.W.2d 240, 243 (Tex. 1978) (stating that
discovery's aim is to administer justice by allowing parties to obtain full knowledge of issues
and facts prior to trial). 

 Jorge's alleged misconduct relates to Roberto and to the case before us. In the
underlying case, Roberto sued Jorge for the money he should have received as a partner
in Med-Trans. Roberto made numerous attempts to conduct discovery in the case, but the
record shows Jorge persistently refused to cooperate with the discovery process. In
support of his response to Jorge's motion for summary judgment, Roberto submitted his
counsel's affidavit along with the following discovery products: (1) Roberto's first set of
interrogatories and requests for production to Jorge; (2) second set of interrogatories; (3)
second set of requests for production; (4) eight notices of deposition for Jorge; (5) a court
order directing Jorge to appear for a deposition and assessing sanctions against him if he
failed to appear; (6) four court reporter certificates reflecting Jorge's non-appearance at the
noticed depositions, including the court-ordered deposition; and (7) a transcript of Jorge's
deposition showing that he unilaterally terminated the deposition after 74 minutes. 
Roberto's counsel testified that he did not receive any responses to the written discovery
sent to Jorge, and that as a result of Jorge's failure to cooperate with discovery, he was
forced to obtain evidence from other sources.

 The record shows the discovery abuse continued post-judgment as well. After Jorge
filed his notice of appeal, Roberto served Jorge with: a notice of intention to take a rule
621a deposition; a first request for post-judgment production; and interrogatories in aid of
judgment. Jorge refused to answer this post-judgment discovery and did not appear for
the deposition. (5)

 In his appellate brief, Roberto asserts that Jorge refused to appear for deposition
nine times, refused to produce requested documents at least eleven times, refused to
respond to written interrogatories one time, refused to answer any written discovery or
produce a single sheet of paper to Roberto before the trial despite proper discovery
requests, and that Jorge did not dispute the summary judgment evidence regarding his
actions relating to discovery. In the absence of a brief from Jorge, the court accepts
Roberto's statements as true. Tex. R. App. P. 38.1(f).

 We believe that Jorge's conduct is unconscientious, unjust, marked by a want of
good faith, and violates the principles of equity and righteous dealing. See Thomas, 882
S.W.2d at 880. This is especially true given that Jorge's basis for a bill of review is that
Roberto had no evidence or insufficient evidence to support his claims against Jorge. The
purpose of a bill of review is to prevent "manifest injustice." French v. Brown, 424 S.W.2d
893, 895 (Tex. 1967). A bill of review should not to be used as a tool to undo justice. We
sustain Roberto's sixth issue. 

D. Conclusion


 Accordingly, we conclude the court erred in granting summary judgment and that
it abused its discretion in granting Jorge a bill of review in light of his unclean hands. As
Roberto's remaining issues are non-dispositive, we do not address them. See Tex. R. App.
P. 47.1. The trial court's judgment granting bill of review is reversed. We render judgment
denying the petition for bill of review and reinstate the prior judgment.


 

 ________________________

 DORI CONTRERAS GARZA,

 Justice


Opinion delivered and filed

this 4th day of September, 2003.

 


1. The transcript of the hearing reflects the following relevant discussion:

 [THE COURT]: Why don't I do this. I will sign a judgment by next Wednesday, but that will also give
you an opportunity to either get together with them or to present me with a proposed -

 [COUNSEL FOR JORGE]: That's more than fair, Judge.

 [COUNSEL FOR ROBERTO]: That's fair.

 [THE COURT]: But I would sign the judgment by next Wednesday.
2. The record does not include an order ruling on this motion. Consequently, the motion for new trial
was overruled by operation of law. Tex. R. Civ. P. 329b(c).
3. The court docket sheet shows that the order on Defendant's Motion for Extension of Deadlines
Pursuant to Rule 306a(5) was signed on December 7, 2000, but does not state the ruling. A copy of the order
could not be located in the record.
4. As shown by the court's docket sheet and the Order on Motion to Withdraw and Substitute Counsel
dated December 21, 1998.
5. We have also examined the record for information regarding what steps Roberto took to compel
Jorge's compliance with Roberto's discovery requests. The record reflects that Roberto filed numerous
motions either requesting that the court compel Jorge's deposition, sanction Jorge for failing to appear at a
deposition, or order Jorge to comply with the court's order to appear at a deposition. The docket sheet
contains two entries stating that Jorge's deposition was to be taken. The clerk's record includes an order for
Jorge to appear to be deposed. Thus, it is apparent that Roberto attempted to compel Jorge to respond to
discovery.