COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




RICHARD ROSS,

                            Appellant,

v.

NATIONAL CENTER FOR THE
EMPLOYMENT OF THE
DISABLED, ASSIGNEE OF ACCESS
HEALTHSOURCE, INC., ASSIGNEE
OF O.R. BROOKER ET AL.,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
 § 

 §


No. 08-04-00375-CV

Appeal from the

County Court at Law No. 7

of El Paso County, Texas 

(TC# 2003-080) 





O P I N I O N

           Appellant Richard Ross appeals a denial of a petition for bill of review seeking to set
aside a default judgment entered against him in Cause No. 99-1459. On appeal, Appellant
raises three issues for review. In Issue No. One, he challenges the service of process prior
to the rendition of the default judgment. In Issue No. Two, he challenges the trial court’s
finding that he failed to exercise due diligence to pursue all adequate legal remedies available
against the default judgment. In Issue No. Three, he challenges the trial court’s finding that
unclean hands precludes him from seeking and obtaining a bill of review. We affirm the
judgment of the trial court.
I. PROCEDURAL BACKGROUND
           On April 26, 1999, Plaintiffs O.R. Brooker, W.A. Pitchford, Natalie T. Bornstein,
Maria G. Cardenas, Vernoy Walker, Joel Hendryx, Randolph Waldman, Walker Jackson,
Kathryn Horn, and Mary Ward brought suit against Defendants Ross, Dr. Richard
Standridge, and James Farrelly in County Court at Law Number Seven, El Paso County,
Texas. As we summarized in our previous opinion, the original petition alleged specifically,
that the Defendants falsely represented how and why the stock merger into Access
Healthsource would be beneficial to them and as a result of the Defendants’
misrepresentations the value of their stock went from five million dollars to zero dollars. See
Ross v. Access Healthsource, No. 08-03-00096-CV, 2003 WL 22870629, at *1 (Tex. App.--El Paso Dec. 4, 2003, pet. denied).
           On October 19, 1999, the trial court granted Appellees’ motion for substitute service
of process on Appellant at an address in Scottsdale, Arizona. The Arizona process server’s
affidavit on November 1, 1999, states that he attempted to personally serve Appellant at the
given address, but had to post and mail the documents served. The description of documents
served does not list the citation and the record does not contain a return receipt for certified
mail, though the affidavit states the documents were mailed by certified mail. On January
21, 2000, Appellees obtained a default judgment against Appellant in which they were
awarded five million dollars in actual damages and five million dollars in exemplary
damages plus interest and attorney’s fees. The default judgment recites that Appellant was
duly served with process. On February 29, 2000, the trial court severed Appellees’ cause of
action against Defendants Dr. Standridge and Mr. Farrelly from its default judgment against
Appellant.
           In March 2000, Appellees sought enforcement of the Texas default judgment in an
Arizona state court. On April 17, 2000, Appellant filed a motion under Ariz. R. Civ. P. 60(c)
to vacate the foreign judgment Appellees had filed in Arizona based on insufficient service
of process. On August 8, 2000, the Arizona state court found insufficient service of process
on Appellant and ordered the foreign judgment filed by Appellees “void and hereby vacated.”
On January 7, 2003, Appellant filed a petition for bill of review, challenging the default
judgment obtained against him by Appellees in January 2000. On January 31, 2003, the trial
court ruled that Appellant’s bill of review petition to set aside the January 2000 default
judgment was denied. Appellant timely appealed the trial court’s judgment.
           In this Court’s opinion in Ross, 2003 WL 22870629, at *5, we held that a genuine fact
issue existed as to whether Appellant had shown good cause for failing to exhaust his legal
remedies and reversed and remanded the trial court’s granting of summary judgment denying
the bill of review for further proceedings. On October 8, 2004, the trial court held a bench
trial wherein the trial judge found that Appellant did not come into the court with clean hands
and failed to diligently pursue all available avenues. On November 29, 2004, the trial judge
signed the judgment denying Appellant’s petition for bill of review seeking to set aside the
default judgment granted against him and signed on January 21, 2000. Appellant now timely
appeals the trial court’s judgment.
II. DISCUSSION
           In Issue No. One, Appellant asserts that because it is undisputed that he was not
served with process before the default judgment was entered against him, he is not required
to prove the usual bill of review elements; rather, he contends that the bill of review elements
are satisfied as a matter of law, thus making him entitled to have the default judgment set
aside.
           A bill of review petitioner must ordinarily plead and prove the following: (1) a
meritorious claim or defense; (2) that he was prevented from making by the fraud, accident
or wrongful act of his opponent; (3) unmixed with any fault or negligence of his own. 
Ortega v. First RepublicBank Fort Worth, N.A., 792 S.W.2d 452, 453 (Tex. 1990). Courts
have relaxed these requirements when the party petitioning for the bill of review seeks to set
aside a default judgment on the basis he was not served with process. Winrock Houston
Assocs. Ltd. P’ship v. Bergstrom, 879 S.W.2d 144, 149 (Tex. App.--Houston [14th Dist.]
1994, no writ). In such cases, the petitioner need not prove fraud, accident or a wrongful act
of the opposite party. Id. (citing Texas Indus., Inc. v. Sanchez, 525 S.W.2d 870, 871 (Tex.
1975)). He also does not have to prove a meritorious defense. Id. (citing Peralta v. Heights
Med. Ctr., Inc., 485 U.S. 80, 86-87, 108 S.Ct. 896, 899-900, 99 L.Ed.2d 75 (1988); Lopez
v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988)).
           The petitioner must, however, demonstrate he was free from fault or negligence in
letting the judgment be taken, a requirement which encompasses an absence of negligence
in allowing the trial court to render the default judgment against him. See id. A party’s
failure to make reasonable inquiries regarding his pending litigation is failure to exercise
diligence, and without the showing of such diligence, a bill of review will fail since the
appellant will not be able to prove his non-negligence in allowing the judgment against him
to be rendered and to become final. See Melton v. Ryander, 727 S.W.2d 299, 302 (Tex.
App.--Dallas 1987, writ ref’d n.r.e.).
           We find Appellant’s first issue is without merit. Appellant cites to this Court’s
previous opinion to support his contention that the failure to properly serve him relieves him
from proving the usual bill of review elements.


 See Ross, 2003 WL 22870629, at *3. 
However, our previous opinion does not absolve Appellant from showing an exercise of due
diligence. It is undisputed that Appellant had knowledge of the lawsuit being filed and that
it was pending for nine months before the default judgment was granted against him. From
the date he discovered the lawsuit, June 25, 1999, to the date the default judgment was
entered, January 21, 2000, Appellant was aware of the pending litigation. It is also
undisputed that Appellant learned of the default judgment on April 12, 2000. Appellant was
not prevented from filing a timely motion for new trial or appeal because of the improper
service. Appellant was aware of the default judgment within the time available for filing a
motion for new trial or pursuing an appeal. We overrule Issue No. One.
           In Issue No. Two, Appellant argues that the evidence demonstrated that he exercised
due diligence as a matter of law, and therefore, it was error to find that he did not exercise
due diligence and deny his petition for bill of review. Appellant contends that he reasonably
relied on his attorney, Mr. Klausner, and that Mr. Klausner’s actions were a reasonable
strategic decision, one which a reasonable lawyer could have also reached. Access
Healthsource on the other hand, maintains that Appellant’s and Mr. Klausner’s failure to
“even attempt to investigate the legal remedies available in Texas against the Texas Default
Judgment is overwhelming evidence that Ross failed to meet his due diligence requirement
to pursue all available legal remedies against the default judgment before an equitable bill
of review is available.”
           In reviewing the grant or denial of a bill of review, we indulge every presumption in
favor of the trial court’s ruling and will not disturb the ruling unless there is an affirmative
showing of an abuse of judicial discretion. See Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293
(Tex. App.--Houston [14th Dist.] 2002, no pet.) (citing Interaction, Inc./State v.
State/Interaction, Inc., 17 S.W.3d 775, 778 (Tex. App.--Austin 2000, pet. denied)). We may
reverse the trial court for abusing its discretion only if it has acted in an unreasonable or
arbitrary manner, or without reference to any guiding rules and principles. Id. (citing
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991)). We may not reverse for
abuse of discretion merely because we disagree with a decision by the trial court, if that
decision was within the trial court’s discretionary authority. Id. (citing Beaumont Bank, 806
S.W.2d at 226).
           A bill of review is an independent equitable action brought by a party to a former
action who seeks to set aside a judgment that is no longer appealable or subject to challenge
by a motion for new trial. Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979); Wembley
Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex. 1999) (per curiam). According finality to
judgments is of fundamental importance. Montgomery v. Kennedy, 669 S.W.2d 309, 312
(Tex. 1984). Therefore, a court scrutinizes bills of review seeking relief from final
judgments with “extreme jealousy, and the grounds on which interference will be allowed
are narrow and restricted.” Id.; Brooks v. Assocs. Fin. Servs. Corp., 892 S.W.2d 91, 92 (Tex.
App.--Houston [14th Dist.] 1994, no writ). A bill of review is designed to prevent manifest
injustice, but that fact that an injustice occurred is not sufficient cause to justify relief by bill
of review. See Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). A party
who fails to timely avail itself of available legal remedies is not entitled to relief by bill of
review. See Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998). If legal remedies were
available but ignored, relief by equitable bill of review is not available. Wembley, 11 S.W.3d
at 927. This applies even if the failure results from the negligence or mistake of a party’s
agent or a party’s attorney. See Lawrence v. Lawrence, 911 S.W.2d 443, 448 (Tex. App.--Texarkana 1995, writ denied) (citing Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986, 987
(1890)); Gracey v. West, 422 S.W.2d 913, 916 (Tex. 1968); Thompson v. Henderson, 45
S.W.3d 283, 288 (Tex. App.--Dallas 2001, pet. denied).
           As stated above, under these particular facts, Appellant needed to prove that he acted
with due diligence in responding to the default judgment granted against him. See Wembley,
11 S.W.3d at 927. In order to be entitled to a bill of review, Appellant must show a good
excuse for failure to exhaust adequate legal remedies. If legal remedies were available but
ignored, the equitable remedy of a bill of review will not later intervene. Id. (citing Caldwell,
975 S.W.2d at 537).
           In this case, Appellant’s failure to file a motion for new trial or regular appeal is fatal
to his bill of review. Appellant directs this Court’s attention to the actions of his attorney,
Mr. Klausner to establish due diligence. When Appellant discovered the default judgment
entered against him, he immediately contacted Mr. Klausner and relied that Mr. Klausner 
would do whatever necessary to respond to the default judgment. We therefore focus on Mr.
Klausner’s actions.
           Mr. Klausner was admitted to practice in Arizona since 1975, where he practices
primarily commercial litigation and appellate law. It is undisputed that he discovered the
default judgment entered against Appellant on April 12, 2000. Prior to this date, he had not
received any notice of the default judgment. According to his testimony, he had represented
five other clients where default judgments were entered against them. However, Appellant’s
was the first case where he was attacking a Texas default judgment in Texas. In response
to Appellant’s case, he testified that he filed a motion under Ariz. R. Civ. P. 60 to vacate the
foreign judgment Appellees had filed in Arizona based on insufficient service of process. 
The Arizona state court vacated the foreign judgment on grounds of insufficient service of
process. At this point, he did not feel it was appropriate to take any other action in Texas in
response to the default judgment. The Arizona judgment was the only reason he did not
attack the default judgment in Texas.
           When asked why after he discovered the default judgment, he did not file a motion
for new trial by the May 14, 2000 deadline in Texas, he testified that he never even
considered attacking the default judgment in Texas. He did not research Texas law on this
subject and did not contact any Texas lawyer for advice on how to handle the situation. Even
after knowing the options he could have pursued in Texas, Mr. Klausner stated that he would
have not advised someone to take any action because he believed the best thing was to move
in Arizona to vacate the foreign judgment. He never advised Mr. Ross to talk to a licensed
Texas attorney because he felt that this was a federal question and not a Texas law question. 
Prior to October 27, 2000, he did not advise Appellant to seek advice of a Texas lawyer on
the default judgment issue even though they had available counsel in Texas.
           When asked whether he knew that Texas cases clearly hold that the trial court in
Arizona cannot void a Texas trial court’s judgment, he testified that he was not aware of such
a case and that this would be contrary to Williams v. North Carolina, 325 U.S. 226, 65 S.Ct.
1092, 89 L.Ed. 1577 (1945). With respect to this line of argument, in Ross v. Access
Healthsource, No. 08-03-00079-CV, 2003 WL 22870451, at *4 (Tex. App.--El Paso Dec.
4, 2003, pet. denied) (not designated for publication), Appellant raised this similar issue. We
stated the following:
[W]e reject Mr. Ross’ contention that the Arizona state court order vacating
the foreign judgment in Arizona has the effect of voiding the Texas default
judgment for enforcement purposes in Texas.
.
See Ross, 2003 WL 22870451, at *4. In addition, another reason given for not pursuing a
remedy in Texas was because it was more economical in Arizona.
           Appellant and his attorney’s neglect of the matter simply cannot constitute “due
diligence.” See Thompson v. Henderson, 45 S.W.3d 283, 289 (Tex. App.--Dallas 2001, pet.
denied). We do not have a situation here where Appellant’s failure to obtain a ruling on its
motion for new trial resulted from the accidents or wrongful acts of others and not from lack
of due diligence. Here, Appellant offers no adequate explanation for his attorney’s failure
to pursue an appeal. A client is bound by the act of his attorney, and attorney negligence is
not a sufficient ground to support a bill of review. Nguyen, 93 S.W.3d at 295. Considering
the evidence in the light most favorable to the trial court’s findings, we conclude that the
evidence supported the trial court’s finding that Appellant failed to exercise due diligence
in pursuing all adequate legal remedies available against the default judgment. Issue No.
Two is overruled in its entirety.
           In Issue No. Three, Appellant contends that the default judgment cannot be sustained
based on a finding of unclean hands.


 Appellant argues that a judgment debtor should not
be held bound to a judgment rendered without service of process based on an equitable
“unclean hands” argument.
           A party seeking an equitable remedy must come to court with clean hands. Flores v.
Flores, 116 S.W.3d 870, 876 (Tex. App.--Corpus Christi 2003, no pet.) (citing In re Gamble,
71 S.W.3d 313, 325 (Tex. 2002) (Baker J., concurring); Truly v. Austin, 744 S.W.2d 934, 938
(Tex. 1988); Omohundro v. Matthews, 161 Tex. 367, 381, 341 S.W.2d 401, 410 (Tex. 1960)). 
Whether a party has come to court with clean hands is a matter of the sound discretion of the
court. Flores, 116 S.W.3d at 876 (citing Thomas v. McNair, 882 S.W.2d 870, 880 (Tex.
App.--Corpus Christi 1994, no writ)).
           Appellant was not present at the hearing on the petition for bill of review, although
he had been subpoenaed. Instead, Appellant filed a motion for protective order which was
denied. Appellant has been held in contempt in at least two prior occasions in matters
dealing with the underlying lawsuit. Appellant was additionally sanctioned for failing to
answer post-judgment interrogatories and requests for production, and despite the sanctions,
he continues to refuse to comply with the discovery requests. Texas supports full and open
discovery. Tilton v. Moye, 869 S.W.2d 955, 956 (Tex. 1994). The purpose of discovery is
to seek the truth so that disputes may be decided by what the facts reveal and not by what
facts are concealed. Jampole v. Touchy, 673 S.W.2d 569, 573 (Tex. 1984), overruled in part
on other grounds by Walker v. Packer, 827 S.W.2d 833, 842 (Tex. 1992).
           After reviewing the evidence, we find no abuse of discretion in the trial court’s
finding of Appellant’s unclean hands and that this prevented him from seeking or obtaining
equitable bill of review relief. Issue No. Three is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice

October 20, 2005

Before Barajas, C.J., McClure, and Chew, JJ.