**Roberto FLORES, Appellant,**

v.

**Jesus Jorge FLORES, Appellee.**

No. 13-02-00163-CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Sept. 4, 2003.

David P. McClain, Jeffrey B. Price, McClain & Leppert, George M. Kirk, Jr., Houston, for appellant.

Jesus Jorge Flores, Weslaco, pro se.

1. The transcript of the hearing reflects the following relevant discussion:

Jesus Jorge Flores, pro se.

Before Justices YAÑEZ, CASTILLO and GARZA.

## OPINION

Opinion by Justice GARZA.

Appellant, Roberto Flores ("Roberto"), appeals from a summary judgment on a bill of review granted in favor of appellee, Jesus Jorge Flores ("Jorge"), which set aside a prior jury verdict in favor of Roberto. We reverse the trial court's judgment, render judgment denying Jorge's petition for bill of review, and reinstate the prior judgment in favor of Roberto.

### A. Background

Roberto, Jorge, and Francisco Medrano ("Medrano") entered into a partnership agreement for the purpose of operating an ambulance service known as Med Trans Ambulance ("Med Trans"). A dispute arose, and Roberto and Medrano sued Jorge for breach of fiduciary duties, breach of contract, and fraud ("the underlying case"). Medrano settled his claims prior to trial.

The underlying case proceeded to trial with Jorge represented by his counsel of record at the time ("trial attorney"). The jury found in favor of Roberto and awarded $5,376,934.65 in actual and exemplary damages, plus interest. Subsequent to trial, Jorge retained another attorney for the purpose of filing and arguing post-trial motions ("post-trial attorney"). On August 4, 2000, Jorge's post-trial attorney attended a hearing on the judgment in the underlying case in which the trial judge specifically told the parties that he would sign a judgment within the next five days.[1]

[THE COURT]: Why don't I do this. I will sign a judgment by next Wednesday, but

On August 9, 2000, Jorge filed his objections to Roberto's proposed judgment and a motion for judgment n.o.v. or, in the alternative, a new trial.[2] The judgment was signed on August 10, 2000. The docket sheet shows that the district clerk mailed notice of the entry of judgment to Jorge's trial attorney on August 11, 2000. Both of Jorge's counsel learned of the judgment on November 28, 2000.

Upon learning of the judgment, Jorge filed a motion in the trial court requesting extension of the appellate deadlines, which was apparently denied.[3] Jorge next filed a notice of appeal. This Court dismissed the appeal as untimely. Jorge subsequently filed a petition for a bill of review in the trial court. Jorge alleged in his petition that he had been prevented from asserting a meritorious ground of appeal due to the trial court clerk's failure to notify him that a judgment in the underlying suit had been entered. Jorge further alleged that there had been no negligence on his part. In his petition, Jorge argued that his meritorious grounds of appeal were: (1) that there was no evidence or insufficient evidence to support the answers to specific jury questions; and (2) Roberto failed to elect remedies.

The trial court conducted a preliminary hearing on Plaintiff's Application for Bill of Review to determine whether Jorge had presented a prima facie case of a meritorious ground of appeal. After the hearing, the trial court entered an order finding "plaintiff has established a meritorious ground of appeal which had it been presented to the Court of Appeals might and probably would have caused the judgment in the underlying case to be reversed." The trial court did not specify the meritorious ground of appeal Jorge substantiated.

Jorge then filed a motion for summary judgment. The trial court granted the motion without a hearing, and entered a final judgment granting the bill of review. In its summary judgment order, the court specifically decided that:

(1) Jorge established as a matter of law the existence of an official mistake which was the failure of the district clerk to send notice of the judgment to Jorge or his counsel; and (2) Jorge established as a matter of law that because of the official mistake he was precluded from asserting the following meritorious grounds of appeal: (a) There was no evidence to support the answers to jury questions 4, 5, 14, and 15; and (b) There was insufficient evidence to support the answers to jury questions 4, 5, 14, and 15; and (3) Jorge established as a matter of law that his inability to assert the meritorious grounds of appeal was not the result of any negligence or conscious indifference on his part.

The court also set aside the judgment in the underlying case, declared it to be null and void, and reformed it so that Roberto took nothing and Jorge was awarded his court costs.

that will also give you an opportunity to either get together with them or to present me with a proposed—
[COUNSEL FOR JORGE]: That's more than fair, Judge.
[COUNSEL FOR ROBERTO]: That's fair.
[THE COURT]: But I would sign the judgment by next Wednesday.

2. The record does not include an order ruling on this motion. Consequently, the motion for new trial was overruled by operation of law. Tex.R. Civ. P. 329b(c).

3. The court docket sheet shows that the order on Defendant's Motion for Extension of Deadlines Pursuant to Rule 306a(5) was signed on December 7, 2000, but does not state the ruling. A copy of the order could not be located in the record.

Roberto filed a notice of appeal, his appellate brief, and appeared for oral argument. Jorge did not file a brief or appear for oral argument.

### B. Standard of Review

A party moving for summary judgment must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). When reviewing a traditional summary judgment, we review the evidence in the light most favorable to the respondent against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. *Duge v. Union Pac. R.R. Co.*, 71 S.W.3d 358, 361 (Tex.App.-Corpus Christi 2001, pet. denied). We indulge every reasonable inference in favor of the non-movant, take evidence favorable to the non-movant as true, and resolve all doubts in the non-movant's favor. *Montemayor v. Chapa*, 61 S.W.3d 758, 762 (Tex. App.-Corpus Christi 2001, no pet.). Evidence favoring the movant's position may not be considered unless it is uncontradicted. *Id.*

■ A bill of review is an independent equitable action to set aside a judgment that is no longer appealable or subject to challenge. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999). Rule 329b(f) of the Texas Rules of Civil Procedure provides: "On the expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law." Tex.R.Civ. P. 329b(f). The rules do not define "sufficient cause," but the supreme court has enunciated in specific detail the necessary steps to be followed in a bill of review proceeding.

*State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex.1989).

■ Because it is fundamentally important that some finality be accorded to judgments, a bill of review seeking relief from an otherwise final judgment is scrutinized by the courts "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 693 (Tex. App.-Corpus Christi 2000, pet. denied) (citing *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984) (quoting *Alexander v. Hagedorn*, 148 Tex. 565, 569, 226 S.W.2d 996, 998 (1950))). Where there has been a trial on the merits, a losing defendant can only seek relief by bill of review if the chance to file a motion for new trial or appeal has been lost. In such a case, the bill of review petitioner must allege and prove: (1) a failure to file a motion for new trial or a failure to advance an appeal, (2) caused by the fraud, accident or wrongful act of the opposing party or by an official mistake, (3) unmixed with any fault or negligence of the petitioner, and (4) a meritorious ground of appeal (prima facie proof only). *See Petro–Chem. Transp. Inc. v. Carroll*, 514 S.W.2d 240, 245–46 (Tex. 1974); *McDaniel v. Hale*, 893 S.W.2d 652 (Tex.App.-Amarillo 1994, writ denied).

### C. Analysis

Roberto asserts six issues as grounds for appeal of the trial court's judgment. In his fourth issue, Roberto urges that Jorge failed to prove "official mistake" as a matter of law. We agree with Roberto.

#### Official Mistake

■ In his Petition for Bill of Review, Jorge alleges that neither he nor his counsel had actual or constructive knowledge

that judgment had been entered until November 28, 2000. This lack of knowledge, he claims, was "caused by the failure of the clerk of the court to send the notice required by Rule 306a Texas Rules of Civil Procedure." To satisfy this element of his bill of review, Jorge alleged that the district clerk's failure constituted an "official mistake."

■ An official mistake occurs where a court official fails to perform required duties. *See Baker*, 582 S.W.2d at 407. A bill of review may be predicated on a clerk's failure to send the required notice of the signing of the judgment. *Petro–Chem.*, 514 S.W.2d at 245. Here, the record indicates that notice of the judgment was mailed to Jorge's trial attorney; however, Jorge alleges that his attorney did not receive the notice.

In granting summary judgment, the trial court found that Jorge established official mistake as a matter of law, "which was the failure of the district clerk to send notice of the judgment to Jorge or his counsel." To support this claim, Jorge provided the court with his affidavit and affidavits from his attorneys of record. Jorge testified that he was not aware of the judgment until he was told about it by his post-trial attorney on November 29, 2000. Both attorneys aver that they did not receive the judgment or any notice that it had been signed from the court, court staff, court clerk or any other source.

■ The post-trial attorney appeared as counsel on August 4, 2000. The record does not indicate, nor is the claim made, that the post-trial attorney substituted for the trial attorney and that notices should be mailed to him rather than the trial attorney. Instead, it appears that the trial

attorney, who had been of record with the court since December 21, 1998,[4] remained active as the attorney in charge. Thus, it was proper for the clerk to mail the judgment to the trial attorney as she had throughout the pendency of the litigation. *See* TEX.R. CIV. P. 8 (all communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge.). There was no error of law apparent on the face of the record. *See Conrad v. Orellana*, 661 S.W.2d 309, 312 (Tex.App.-Corpus Christi 1983, no writ) (there was no error apparent on the face of the record where trial court record showed appellant had been duly notified of the entry of judgment by and through his attorney of record); *Withrow v. Schou*, 13 S.W.3d 37, 41 (Tex.App.-Houston [14th Dist.] 1999, pet denied) (there is no error "apparent from the face of the record" when the trial court or clerk fully complies with rule 245 by mailing notice to the attorney of record). We note that where the parties agree that a certain form of notice has not been received, there is a presumption that the notice was not mailed, and where there is no evidence to the contrary, the fact finder must find the absence of the mailing. *Thomason v. Freberg*, 588 S.W.2d 821, 824 (Tex.Civ.App.-Corpus Christi 1979, no writ). Here, however, there was no such agreement and there is clearly evidence to the contrary, that is, there is evidence that the clerk mailed the notice of the judgment. Roberto's fourth issue is sustained.

■ Having found the summary judgment was granted in error, we would ordinarily reverse the trial court's judgment and remand for further proceedings. When appellate review determines that a summary judgment was improperly grant-

---

4. As shown by the court's docket sheet and the Order on Motion to Withdraw and Substitute Counsel dated December 21, 1998.

ed, the appeal does not afford a basis for rendering a judgment against the non-moving party. *CRA, Inc. v. Bullock*, 615 S.W.2d 175, 175 (Tex.1981); *see also Maxey v. Morrison*, 843 S.W.2d 768, 770 (Tex. App.-Corpus Christi 1992, writ denied). However, assuming *arguendo* that appellee had proved there was an official mistake as a matter of law, the trial court should still have denied his petition for bill of review on the basis of the clean hands doctrine.

*Unclean Hands*

■■■ In his sixth issue, Roberto contends that Jorge's abuse of the discovery process establishes that Jorge has unclean hands, and that he is ineligible for equitable relief via bill of review. We agree.

■■■■ As discussed above, a bill of review is an equitable proceeding. *Wembley*, 11 S.W.3d at 926–27. Equity is a court of conscience. *First Heights Bank, FSB v. Gutierrez*, 852 S.W.2d 596, 605 (Tex.App.-Corpus Christi 1993, writ denied.) It assumes jurisdiction when the legal remedy is not as complete as, less effective than, or less satisfactory than the equitable remedy. *Id.* Equity seeks to do justice, to strike a balance by reviewing the entire situation. Equity acts in accordance with conscience and good faith and promotes fair dealing. *Id.*

■■■■ A party seeking an equitable remedy must come to court with clean hands. *In re Gamble*, 71 S.W.3d 313, 325 (Tex.2002) (Baker, J., concurring); *Truly v. Austin*, 744 S.W.2d 934, 938 (Tex.1988); *Omohundro v. Matthews*, 161 Tex. 367, 381, 341 S.W.2d 401, 410 (Tex.1960). Whether a party has come to court with clean hands is a matter for the sound discretion of the court. *Thomas v. McNair*, 882 S.W.2d 870, 880 (Tex.App.-Corpus Christi 1994, no writ). To justify the application of the principle, the party

who complains that an opponent is in court with unclean hands because of the latter's conduct in the transaction out of which litigation arose, or with which it is connected, must show that the complainant, and not some third person, has been injured by the conduct. *Id.* (citing *Omohundro*, 161 Tex. at 381, 341 S.W.2d at 410). The doctrine applies against a litigant whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, marked by a want of good faith, or violates the principles of equity and righteous dealing. *Thomas*, 882 S.W.2d at 880. The clean hands maxim should not be applied unless the party asserting the maxim has been seriously harmed and the wrong complained of cannot be corrected without applying the doctrine. *See id.* "Equity will consider the conduct of the adversary, the requirements of public policy, and the relation of the misconduct to the subject matter of the suit and to [the party asserting clean hands]." *See Pacific Mut. Life Ins. Co. v. Westglen Park Inc.*, 160 Tex. 1, 6, 325 S.W.2d 113, 117 (1959).

■■■ Public policy supports application of the clean hands doctrine in this case. Texas supports full and open discovery. *Tilton v. Moye*, 869 S.W.2d 955, 956 (Tex.1994). The purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal and not by what facts are concealed. *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984) *overruled in part on other grounds by Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992); *see also West v. Solito*, 563 S.W.2d 240, 243 (Tex.1978) (stating that discovery's aim is to administer justice by allowing parties to obtain full knowledge of issues and facts prior to trial).

Jorge's alleged misconduct relates to Roberto and to the case before us. In the

underlying case, Roberto sued Jorge for the money he should have received as a partner in Med–Trans. Roberto made numerous attempts to conduct discovery in the case, but the record shows Jorge persistently refused to cooperate with the discovery process. In support of his response to Jorge's motion for summary judgment, Roberto submitted his counsel's affidavit along with the following discovery products: (1) Roberto's first set of interrogatories and requests for production to Jorge; (2) second set of interrogatories; (3) second set of requests for production; (4) eight notices of deposition for Jorge; (5) a court order directing Jorge to appear for a deposition and assessing sanctions against him if he failed to appear; (6) four court reporter certificates reflecting Jorge's non-appearance at the noticed depositions, including the court-ordered deposition; and (7) a transcript of Jorge's deposition showing that he unilaterally terminated the deposition after 74 minutes. Roberto's counsel testified that he did not receive any responses to the written discovery sent to Jorge, and that as a result of Jorge's failure to cooperate with discovery, he was forced to obtain evidence from other sources.

The record shows the discovery abuse continued post-judgment as well. After Jorge filed his notice of appeal, Roberto served Jorge with: a notice of intention to take a rule 621a deposition; a first request for post-judgment production; and interrogatories in aid of judgment. Jorge refused to answer this post-judgment discovery and did not appear for the deposition.[5]

In his appellate brief, Roberto asserts that Jorge refused to appear for deposition nine times, refused to produce requested documents at least eleven times, refused to respond to written interrogatories one time, refused to answer any written discovery or produce a single sheet of paper to Roberto before the trial despite proper discovery requests, and that Jorge did not dispute the summary judgment evidence regarding his actions relating to discovery. In the absence of a brief from Jorge, the court accepts Roberto's statements as true. TEX.R.APP. P. 38.1(f).

■ We believe that Jorge's conduct is unconscientious, unjust, marked by a want of good faith, and violates the principles of equity and righteous dealing. See Thomas, 882 S.W.2d at 880. This is especially true given that Jorge's basis for a bill of review is that Roberto had no evidence or insufficient evidence to support his claims against Jorge. The purpose of a bill of review is to prevent "manifest injustice." French v. Brown, 424 S.W.2d 893, 895 (Tex.1967). A bill of review should not to be used as a tool to undo justice. We sustain Roberto's sixth issue.

### D. Conclusion

Accordingly, we conclude the court erred in granting summary judgment and that it abused its discretion in granting Jorge a bill of review in light of his unclean hands. As Roberto's remaining issues are non-dispositive, we do not address them. See TEX.R.APP. P. 47.1. The trial court's judgment granting bill of review is

---

5. We have also examined the record for information regarding what steps Roberto took to compel Jorge's compliance with Roberto's discovery requests. The record reflects that Roberto filed numerous motions either requesting that the court compel Jorge's deposition, sanction Jorge for failing to appear at a deposition, or order Jorge to comply with the court's order to appear at a deposition. The docket sheet contains two entries stating that Jorge's deposition was to be taken. The clerk's record includes an order for Jorge to appear to be deposed. Thus, it is apparent that Roberto attempted to compel Jorge to respond to discovery.

reversed. We render judgment denying the petition for bill of review and reinstate the prior judgment.