Mike Ledbetter v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-058-CV

MIKE LEDBETTER APPELLANT

V.

THE STATE OF TEXAS APPELLEE

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Mike Ledbetter, filed a bill of review contesting his 1998 civil commitment.  The trial court denied it.  In five issues, Appellant now appeals.  Because we hold that the trial court did not abuse its discretion by denying the bill of review, we affirm the trial court’s order.

On October 29, 1998, Appellant was placed in protective custody in the Wichita Falls State Hospital.  On November 12, 1998, Appellant was committed for court-ordered temporary mental health services not to exceed ninety days.  On November 21, 1998, Appellant was discharged from the hospital.  In 1999, Appellant appealed the court-ordered commitment, but because the notice of appeal was untimely, this court dismissed the appeal.
(footnote: 2)  On October 29, 2002, Appellant filed a bill of review in the trial court.  At a hearing, Appellant offered twelve exhibits, five of which were admitted.  He also put on two witnesses, his former stepfather and a friend, who testified that they did not believe that Appellant was mentally ill and that he should not have been committed in 1998.  The court denied the bill of review in open court, and the order was signed on April 15, 2003.

In five issues, Appellant argues that the trial court erred by denying his bill of review because (1) Appellant was never served with process in the underlying civil suit; (2) Appellant’s court-appointed attorney’s failure to file a motion for new trial or an appeal was ineffective assistance of counsel; (3)  court officials and the court-appointed attorney derive their income from the number of civil commitment proceedings they can initiate and from the number of people they can commit and move along through other hearings; (4) Appellant was deprived of any right to the appellate process and of any right, time, or freedom to prepare a meritorious defense against the civil commitment; and (5) wrongdoing, fraud, misrepresentations, and inappropriate actions on the part of certain court officials and the State’s witnesses prevented him from presenting a meritorious defense.

Personal Jurisdiction

In Appellant’s first point he argues that because he was not served with process, the trial court lacked personal jurisdiction over him.  We disagree.  Under section 574.001(b) of the Texas Health and Safety Code, an application for court-ordered mental health services “must be filed with the county clerk in the county in which the proposed patient:  (1) resides; (2) is found; or (3) is receiving mental health services by court order or under Subchapter A, Chapter 573.”
(footnote: 3)  Because Appellant was found in Denton County where the application was filed, the Denton County Probate Court had personal jurisdiction over him.
(footnote: 4)  We overrule Appellant’s first point.

Bill of Review

In Appellant’s fifth issue, he argues that the trial court erred by denying his bill of review.  We disagree.  A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial.
(footnote: 5)  A bill of review is proper where a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment, and at the time the bill of review is filed, there remains no such adequate legal remedy still available because, through no fault of the bill’s proponent, fraud, accident, or mistake precludes presentation of a meritorious claim or defense.
(footnote: 6)  
The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point.
(footnote: 7)  Thus, a bill of review petitioner must ordinarily plead and prove:  (1) a meritorious defense to the cause of action alleged to support the judgment; (2) that the petitioner was prevented from making by the fraud, accident, or wrongful act of his or her opponent; and (3) the petitioner was not negligent.
(footnote: 8)
 Where there has been a trial on the merits, however, as in Appellant’s case, a losing defendant can only seek relief by bill of review if the chance to file a motion for new trial or appeal has been lost.
(footnote: 9)  In such a case, the bill of review petitioner must allege and prove:  (1) a failure to file a motion for new trial or a failure to advance an appeal; (2) caused by the fraud, accident, or wrongful act of the opposing party or by an official mistake; (3) unmixed with any fault or negligence of the petitioner; and (4) prima facie proof of a meritorious ground of appeal.
(footnote: 10)  A meritorious ground of appeal is one which, had it been presented to the appellate court as designed, might, and probably would have, resulted in the judgment’s reversal.
(footnote: 11)
 Appellant’s fifth issue is the only issue that alleges any fraud, accident or wrongful act.  To meet his burden of proof on this element, Appellant must show that his failure to file a motion for new trial or advance an appeal was caused by the fraud, accident, or wrongful act of the opposing party or by an official mistake.
(footnote: 12)  Appellant, however, does not allege either that an official mistake occurred or that any fraud or wrongful acts of the opposing party prevented him from filing a motion for new trial or advancing an appeal.  Rather, Appellant alleges that wrongdoing, fraud, misrepresentations, and inappropriate actions on the part of court appointed persons prevented him from presenting a meritorious defense.  These allegations, even if true, do not demonstrate fraud or wrongful acts of the opposing party or an official mistake that prevented Appellant from filing a motion for new trial or an appeal.
(footnote: 13)  Consequently, because Appellant does not raise any issues or evidence concerning this bill of review requirement, we hold that the trial court did not abuse its discretion by denying Appellant’s bill of review.  We overrule Appellant’s fifth issue.  We do not reach his remaining issues.
(footnote: 14)
Conclusion

Having overruled Appellant’s first and fifth issues, which are dispositive, we affirm the trial court’s order.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED: August 12, 2004

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
Ledbetter v. State
, No. 02-99-00030-CV (Tex. App.—Fort Worth Feb. 25, 1999, pet. denied) (not designated for publication).

3:
Tex. Health & Safety Code Ann.
 § 574.001(b) (Vernon Supp. 2004-05).

4:
See
 
id
.; 
Goldwait v. State
, 961 S.W.2d 432, 434 (Tex. App.—Houston [1st Dist.] 1997, no writ).

5:
King Ranch
,
 Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
,124 S. Ct. 2097 (2004); 
Baker v. Goldsmith
, 582 S.W.2d 404, 406 (Tex. 1979); 
Schwartz v. Jefferson
, 520 S.W.2d 881, 889 (Tex. 1975).

6:
King Ranch
, 118 S.W.3d at 751.

7:
Id
.

8:
Id
. at 751-52.

9:
See Petro-Chem. Transp. Inc. v. Carroll
, 514 S.W.2d 240, 245–46 (Tex. 1974); 
Flores v. Flores
, 116 S.W.3d 870, 874 (Tex. App.—Corpus Christi 2003, no pet.)
; McDaniel v. Hale,
 893 S.W.2d 652, 663 (Tex. App.—Amarillo 1994, writ denied).

10:
See Petro-Chem. Transp.
, 514 S.W.2d at 245–46; 
Flores
, 116 S.W.3d at 874
; McDaniel
, 893 S.W.2d at 663.

11:
Petro-Chem. Transp.
, 514 S.W.2d at 245 (quoting 
Overton v. Blum
, 50 Tex. 417, 425 (1878)).

12:
See Petro-Chem. Transp.
, 514 S.W.2d at 245–46; 
Flores
, 116 S.W.3d at 874
; McDaniel
, 893 S.W.2d at 663.

13:
See Transworld Fin. Serv. Corp. v. Briscoe
, 722 S.W.2d 407, 408 (Tex. 1987) (holding that “allegations of attorney negligence is not a sufficient ground to support a bill of review,” and that the litigant’s attorney is not included in the context of an “official” in a bill of review).

14:
See 
Tex. R. App. P.
 47.1.