COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-058-CV
 
 
MIKE LEDBETTER                                                                  APPELLANT
 
V.
 
THE STATE OF TEXAS                                                              APPELLEE
 
  
------------
 
FROM THE PROBATE COURT OF 
DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant, 
Mike Ledbetter, filed a bill of review contesting his 1998 civil commitment. The 
trial court denied it. In five issues, Appellant now appeals. Because we hold 
that the trial court did not abuse its discretion by denying the bill of review, 
we affirm the trial court’s order.
        On 
October 29, 1998, Appellant was placed in protective custody in the Wichita 
Falls State Hospital. On November 12, 1998, Appellant was committed for 
court-ordered temporary mental health services not to exceed ninety days. On 
November 21, 1998, Appellant was discharged from the hospital. In 1999, 
Appellant appealed the court-ordered commitment, but because the notice of 
appeal was untimely, this court dismissed the appeal.[2]  
On October 29, 2002, Appellant filed a bill of review in the trial court. At a 
hearing, Appellant offered twelve exhibits, five of which were admitted. He also 
put on two witnesses, his former stepfather and a friend, who testified that 
they did not believe that Appellant was mentally ill and that he should not have 
been committed in 1998. The court denied the bill of review in open court, and 
the order was signed on April 15, 2003.
        In 
five issues, Appellant argues that the trial court erred by denying his bill of 
review because (1) Appellant was never served with process in the underlying 
civil suit; (2) Appellant’s court-appointed attorney’s failure to file a 
motion for new trial or an appeal was ineffective assistance of counsel; (3) 
court officials and the court-appointed attorney derive their income from the 
number of civil commitment proceedings they can initiate and from the number of 
people they can commit and move along through other hearings; (4) Appellant was 
deprived of any right to the appellate process and of any right, time, or 
freedom to prepare a meritorious defense against the civil commitment; and (5) 
wrongdoing, fraud, misrepresentations, and inappropriate actions on the part of 
certain court officials and the State’s witnesses prevented him from 
presenting a meritorious defense.
Personal 
Jurisdiction
        In 
Appellant’s first point he argues that because he was not served with process, 
the trial court lacked personal jurisdiction over him. We disagree. Under 
section 574.001(b) of the Texas Health and Safety Code, an application for 
court-ordered mental health services “must be filed with the county clerk in 
the county in which the proposed patient: (1) resides; (2) is found; or (3) is 
receiving mental health services by court order or under Subchapter A, Chapter 
573.”[3]  Because Appellant was found in Denton 
County where the application was filed, the Denton County Probate Court had 
personal jurisdiction over him.[4]  We overrule 
Appellant’s first point.
Bill of Review
        In 
Appellant’s fifth issue, he argues that the trial court erred by denying his 
bill of review. We disagree. A bill of review is an equitable proceeding to set 
aside a judgment that is not void on the face of the record but is no longer 
appealable or subject to a motion for new trial.[5]  
A bill of review is proper where a party has exercised due diligence to 
prosecute all adequate legal remedies against a former judgment, and at the time 
the bill of review is filed, there remains no such adequate legal remedy still 
available because, through no fault of the bill’s proponent, fraud, accident, 
or mistake precludes presentation of a meritorious claim or defense.[6]  The grounds upon which a bill of review can be 
obtained are narrow because the procedure conflicts with the fundamental policy 
that judgments must become final at some point.[7]  
Thus, a bill of review petitioner must ordinarily plead and prove: (1) a 
meritorious defense to the cause of action alleged to support the judgment; (2) 
that the petitioner was prevented from making by the fraud, accident, or 
wrongful act of his or her opponent; and (3) the petitioner was not negligent.[8]
        Where 
there has been a trial on the merits, however, as in Appellant’s case, a 
losing defendant can only seek relief by bill of review if the chance to file a 
motion for new trial or appeal has been lost.[9] In 
such a case, the bill of review petitioner must allege and prove: (1) a failure 
to file a motion for new trial or a failure to advance an appeal; (2) caused by 
the fraud, accident, or wrongful act of the opposing party or by an official 
mistake; (3) unmixed with any fault or negligence of the petitioner; and (4) 
prima facie proof of a meritorious ground of appeal.[10]  
A meritorious ground of appeal is one which, had it been presented to the 
appellate court as designed, might, and probably would have, resulted in the 
judgment’s reversal.[11]
        Appellant’s 
fifth issue is the only issue that alleges any fraud, accident or wrongful act. 
To meet his burden of proof on this element, Appellant must show that his 
failure to file a motion for new trial or advance an appeal was caused by the 
fraud, accident, or wrongful act of the opposing party or by an official 
mistake.[12]  Appellant, however, does not 
allege either that an official mistake occurred or that any fraud or wrongful 
acts of the opposing party prevented him from filing a motion for new trial or 
advancing an appeal. Rather, Appellant alleges that wrongdoing, fraud, 
misrepresentations, and inappropriate actions on the part of court appointed 
persons prevented him from presenting a meritorious defense. These allegations, 
even if true, do not demonstrate fraud or wrongful acts of the opposing party or 
an official mistake that prevented Appellant from filing a motion for new trial 
or an appeal.[13]  Consequently, because 
Appellant does not raise any issues or evidence concerning this bill of review 
requirement, we hold that the trial court did not abuse its discretion by 
denying Appellant’s bill of review. We overrule Appellant’s fifth issue. We 
do not reach his remaining issues.[14]
Conclusion
        Having 
overruled Appellant’s first and fifth issues, which are dispositive, we affirm 
the trial court’s order.
  
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
  
PANEL B:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
DELIVERED: August 12, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  Ledbetter 
v. State, No. 02-99-00030-CV (Tex. App.—Fort Worth Feb. 25, 1999, pet. 
denied) (not designated for publication).
3.  Tex. Health & Safety Code Ann. § 
574.001(b) (Vernon Supp. 2004-05).
4.  See 
id.; Goldwait v. State, 961 S.W.2d 432, 434 (Tex. App.—Houston 
[1st Dist.] 1997, no writ).
5.  King 
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied,124 
S. Ct. 2097 (2004); Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979); Schwartz 
v. Jefferson, 520 S.W.2d 881, 889 (Tex. 1975).
6.  King 
Ranch, 118 S.W.3d at 751.
7.  Id.
8.  Id. 
at 751-52.
9.  See 
Petro-Chem. Transp. Inc. v. Carroll, 514 S.W.2d 240, 245–46 (Tex. 1974); Flores 
v. Flores, 116 S.W.3d 870, 874 (Tex. App.—Corpus Christi 2003, no pet.); McDaniel 
v. Hale, 893 S.W.2d 652, 663 (Tex. App.—Amarillo 1994, writ denied).
10.  See 
Petro-Chem. Transp., 514 S.W.2d at 245–46; Flores, 116 S.W.3d at 
874; McDaniel, 893 S.W.2d at 663.
11.  Petro-Chem. 
Transp., 514 S.W.2d at 245 (quoting Overton v. Blum, 50 Tex. 417, 425 
(1878)).
12.  See 
Petro-Chem. Transp., 514 S.W.2d at 245–46; Flores, 116 S.W.3d at 
874; McDaniel, 893 S.W.2d at 663.
13.  See 
Transworld Fin. Serv. Corp. v. Briscoe, 722 S.W.2d 407, 408 (Tex. 1987) 
(holding that “allegations of attorney negligence is not a sufficient ground 
to support a bill of review,” and that the litigant’s attorney is not 
included in the context of an “official” in a bill of review).
14.  See 
Tex. R. App. P. 47.1.